SUTINEN v. SUTINEN.

1. DIVORCE—RECONCILIATION—ATTORNEY'S FEES.

Summary judgment of $1,327 for wife's attorney fees for filing divorce complaint where parties reconciled before trial and later received discharges in bankruptcy, *held,* improper where before defense of discharge in bankruptcy was raised the husband and wife had raised a valid defense of whether express contract limiting fees had been made and, if not, what value the services of attorney had.

2. SAME—RECONCILIATION—ATTORNEY'S FEES—SUMMARY JUDGMENT.

Summary judgment for attorney for $1,327 fees for filing complaint for divorce for wife, where husband was ordered to pay $150 attorney's fees, parties reconciled, and were discharged in bankruptcy listing attorney as unsecured creditor, is reversed and remanded for trial to determine effect of discharges in bankruptcy on total claim of attorney, to determine effect of discharges on court-ordered attorney fee of $150, and to determine what portion, if any, of claim of attorney is the joint obligation of the husband and wife.

Appeal from Oakland, Templin (Robert L.), J. Submitted Division 2 February 6, 1968, at Lansing. (Docket No. 3,893.) Decided July 24, 1968.

Complaint by Joan Blanche Sutinen against Gerald W. Sutinen for divorce. Parties reconciled. Petition by Edward W. Lawrence, attorney for Joan Sutinen, for attorney fees. Summary judgment for

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation § 598; 41 Am Jur, Pleading §§ 340–343.

Lawrence for $1,327.   Sutinens appeal.   Reversed and remanded.

*Davidow & Davidow,* for appellants.

*Edward W. Lawrence, in propria persona.*

QUINN, P. J.   Through her attorney Edward W. Lawrence, Joan Blanche Sutinen filed complaint for divorce against Gerald W. Sutinen on September 25, 1964.   On the same day the trial court ordered the husband to pay an attorney fee for the wife in the amount of $150.   Before trial, the parties reconciled, and as admitted by attorney Lawrence, the divorce action was dismissed, but his claim for attorney fees was preserved.   (No such order appears in the record but see first page of transcript of proceedings for March 6, 1967.)

July 19, 1965, attorney Lawrence filed his petition for judgment for attorney fees in the amount of $1,332.50, which the Sutinens answered October 11, 1965.   The pre-trial summary filed November 18, 1965, stated the issues framed by this petition and answer as follows:

"Was there an express contract limiting the amount of fees?

"If not, value of service and determination of time expended."

In April 1966, the Sutinens filed in bankruptcy individually and each listed as an unsecured creditor in the amount of $1,327 attorney Lawrence. Gerald W. Sutinen was discharged in bankruptcy October 20, 1966, and his wife was discharged in bankruptcy November 9, 1966.

February 14, 1967, attorney Lawrence moved for summary judgment on the basis that by listing him

as an unsecured creditor for $1,327, the Sutinens each acknowledged an indebtedness to him of $1,327, which, by the provisions of CL 1948, § 552.13 (Stat Ann 1957 Rev § 25.93), became a joint as well as an individual obligation entitling him to a lien on property jointly owned by the Sutinens. The reasoning is ingenious; unfortunately it is also specious.

The trial court granted a summary judgment to attorney Lawrence for $1,327, joint in form, and created a lien in the attorney's favor on jointly held property of the Sutinens, including but not limited to their homestead held by the entirety, and provided for foreclosure of the lien. On motion for rehearing, the claim that the discharges in bankruptcy barred the attorney's claim was raised but ignored.

Even before the defense of discharge in bankruptcy was raised, the Sutinens had raised a valid defense to the claim of attorney Lawrence and summary judgment was improper.

Reversed and remanded for trial of the issues stated in the pre-trial summary dated November 18, 1965, determination of the effect of the discharges in bankruptcy on the total claim of attorney Lawrence as proved at such trial as well as the effect of the discharges on the court ordered attorney fee of $150, and a determination of what portion, if any, of the claim of attorney Lawrence as proved at such trial is the joint obligation of the Sutinens.

T. G. KAVANAGH and CORKIN, JJ., concurred.